# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED JUNE 28, 2024

## NO. 03-23-00100-CV

**Texas Health and Human Services Commission, Appellant**

**v.**

**Julius Kadia, Appellee**

**APPEAL FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
BEFORE JUSTICES BAKER, KELLY, AND SMITH
AFFIRMED IN PART; REVERSED AND RENDERED IN PART;
REVERSED AND REMANDED IN PART -- OPINION BY JUSTICE KELLY**

This is an appeal from the interlocutory order signed by the district court on January 31, 2023. Having reviewed the record and the parties' arguments, the Court holds that there was reversible error in the district court's interlocutory order. Therefore, the Court reverses the district court's interlocutory order in part and renders judgment dismissing with prejudice Appellee's claims (a) that he was disciplined and then for 18 months deprived of employment benefits, salary increases, and consideration for promotion, all in response to his March 2019 refusal to complete an assignment, insofar as these claims rely on acts or omissions occurring outside the claim-preservation periods; (b) for retaliatory failure to hire or promote under job postings 412525, 446331, 476353, 478865, 479271, 487689, 494328, 494333, 498873, 498874, 499232, 500734, 500744, 501943, 507504, 507534, 507562, 507639, 507648, 507673, 507682, 507710, 507712,

507714, 507716, and 507881; and (c) that the Commission denied him overtime in July 2019. Further, the court reverses the interlocutory order in part and remands the case for Appellee to replead (a) his claim for any denials of overtime that occurred outside of the claim-preservation periods to state sufficient facts to bring the claim within the *Gupta* exception; (b) his claim for the denial of his request to work as a nurse during staffing shortages insofar as the claim relies on acts or omissions occurring outside of the claim-preservation periods to bring the claim within the *Gupta* exception; (c) his claim based on being encouraged to resign to state sufficient facts to show either exhaustion of remedies or the *Gupta* exception; and (d) his retaliation claim for bullying, harassment, assigned tasks, write-ups, or denied compensation, any of which occurred after November 2, 2020, to bring the claim within the *Gupta* exception. Further, the Court otherwise affirms the interlocutory order. Appellant shall pay one-half of all costs relating to this appeal, both in this Court and in the court below, and Appellee shall pay one-half of all costs relating to this appeal, both in this Court and in the court below.